UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
BEULAH JONES,                                    :
:
                  Plaintiff,    :    09 Civ. 8115 (TPG)
:    05 Cr. 137 (TPG)
   – against –                               :
:    **OPINION**
UNITED STATES,                                   :
:
                  Defendant.    :
:
------------------------------------------------x

      Pro se movant Beulah Jones was convicted, after trial, of theft of government funds and sentenced by this court to a term of two years' probation. Jones now moves pursuant to 28 U.S.C. § 2255 to vacate her conviction and sentence. In her motion, Jones alleges that she is entitled to relief on the grounds that (1) she was denied a bail hearing; (2) she was denied a speedy trial; (3) "selective prosecution"; (4) "alleged mental incompetency"; (5) improper jury instructions "as regards the balance in the account on bond issuance"; and (6) ineffective assistance of counsel.

      The Government has answered, opposing the motion.

      For the reasons set forth hereafter, the motion is denied.

## Facts

      This account of the facts underlying movant's conviction is taken from Jones's § 2255 motion and attached appendix, the Government's brief on appeal, and a statement from Jones's trial counsel, Assistant Federal Defender Steven Statsinger, in response to her complaint to the New York State Bar

Disciplinary Committee.

On January 13, 2006, after a five-day jury trial, Jones was convicted of theft of government funds, in violation of 18 U.S.C. § 641.  The offense arose from her refusal to return $31,500 in United States savings bonds to the Federal Reserve Bank of Cleveland.  Jones had purchased the bonds with a check from a closed Citibank account opened in her name.  This account had only been open for one week, seven years earlier, and had never been funded.  The Federal Reserve Bank mistakenly sent the bonds to Jones before her check had cleared.  After the error was discovered, Jones refused to return or pay for the bonds.  She repeatedly sent the Federal Reserve Bank letters claiming that her check had cleared and that she had a valid account that contained adequate funds.

At trial, the primary issue was Jones's state of mind when she stole the savings bonds.  The defense claimed that Jones believed in good faith that she had purchased the bonds, while the Government argued that she had to know that she had no bank account.

The jury rejected Jones's defense, and convicted her of theft of United States property.  On April 21, 2006, the court sentenced Jones to a term of two years' probation, including mental health treatment, which defense counsel had requested at sentencing.  The court also ordered that the stolen bonds be returned as restitution.

Jones appealed and requested new counsel.  On July 19, 2006, the Second Circuit issued an order relieving her trial counsel, Steven Statsinger,

and assigning new counsel, Gail Jacobs.  Jones, through her new attorney Jacobs, raised the following issues on appeal:  (1) insufficiency of evidence of (a) intent to commit a crime and (b) the value of the bonds she was found guilty of stealing; (2) that the evidence presented at trial amounted to constructive amendment or variance of the indictment; (3) that the jury instructions on conscious avoidance constituted plain error; and (4) that the jury instructions on the value of the bonds were erroneous.

The Second Circuit affirmed the conviction in a summary order on May 6, 2008.  On October 6, 2008, the United States Supreme Court denied Jones's petition for a writ of certiorari.

Jones completed her term of probation on April 14, 2008.  She filed this § 2555 motion pro se on September 23, 2009.

## Discussion

Section 2255 Motion

The merits of this motion and the facts relevant to it will be discussed later in this opinion.  Two threshold questions will be discussed first.  Under 28 U.S.C. § 2255, only "[a] prisoner in custody under sentence of a court" may bring a motion to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255(a).  For the purposes of a § 2255 motion, a prisoner on supervised release or probation is considered to be in custody.  See Maleng v. Cook, 490 U.S. 488, 491-92 (1989); Aponte v. Brown, No. 09-CV-4334, 2011 WL 797406, at *2 (E.D.N.Y. Feb. 28, 2011).  However, in this case the court lacks jurisdiction over Jones's motion because she filed it after her term of probation had

concluded.

The second threshold issue arises from the well-settled law that federal prisoners may not use proceedings brought under § 2255 as a substitute for an appeal.  See Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007).  Habeas review is an extraordinary remedy that "will not be allowed to do service for an appeal."  Reed v. Farley, 512 U.S. 339, 354 (1994).  Rather, where a defendant procedurally forfeits his claim by failing to raise it on direct review, the claim may be raised on collateral review in a motion under § 2255 only if the defendant can demonstrate either cause for failing to raise the issue and actual prejudice or that he is innocent.  See Rosario v. United States, 164 F. 3d 729, 732 (2d Cir. 1998).  The grounds that Jones now raises in this § 2255 motion are different from the ones raised on appeal.  All of the points now presented could have been raised on appeal except ineffective assistance of appellate counsel.  Thus the claims in the current motion are almost entirely procedurally barred.

However, it is also true that the claims are invalid on their merits.  Jones did not receive a bail hearing because the Government filed an agreed bail proposal on March 2, 2005.

With regard to Jones's claim of being denied a speedy trial, there was no violation of the statutory time provision because there were two adjournments, which were relatively brief and reasonable, and not objected to.  Certainly, this case was brought on for trial within constitutional limits.

As for selective prosecution, there is no valid explanation of what is

referred to. Jones's motion conflates this claim with what she claims about mental incompetence, in alleging that there are "selective prosecution issues of incompetence which was denied but raised repeatedly by the government throughout the trial proceedings." The Government applied for a competency examination prior to trial, which defense counsel objected to. The court denied the application. Although her contentions about her bank account would appear to be highly irrational, she has never sought to defend the case on the ground of insanity or any similar ground. Her claim about mental incompetence, as indicated by the above quotation from her motion, is that the Government repeatedly raised the issue of her incompetency during the trial. This simply did not happen.

With regard to jury instructions, on the subject of Jones's bank account balance, the court simply presented the issue to the jury as to the status of the account and her knowledge or lack of knowledge regarding the status.

As to insufficiency of counsel, it is difficult to see any specific claim by Jones regarding her trial counsel except the argument that he failed to mount a sufficient challenge to the prosecution's evidence regarding her Citibank account. But it is clear that there is nothing effective that trial counsel could have done. As for appellate counsel, Jones claims that her appellate attorney failed to raise points now made on this motion. However, an attorney has no duty to raise points on appeal which have no merit, and this is the character of the claims made on this motion.

Even under the lenient pleading standard afforded to pro se litigants,

Jones has not identified errors of fact or law to merit relief.

## Conclusion

For the foregoing reasons, the § 2255 motion is denied.

As Jones has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. See 28 U.S.C. § 2253(c). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
       January 3, 2012

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/12